## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

NORTHERN NEW MEXICANS PROTECTING
LAND WATER AND RIGHTS,

        Plaintiff,

vs.                                 No. CIV 15-0559 JB/LF

UNITED STATES OF AMERICA, and SALLY
JEWELL, Secretary, U.S. Department of Interior,
KEVIN WASHBURN, Assistant Secretary, Bureau
of Indian Affairs, WILLIAM WALKER, Regional
Director, Bureau of Indian Affairs, Southwest
Office, RAYMOND FRY, Superintendent,
Northern Pueblo Agency,

        Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Motion to Strike Prefatory

Statement, filed September 23, 2015 (Doc. 10)("Motion").   The Court held a hearing on

November 4, 2015.  The primary issues are: (i) whether the Court should strike the "Prefatory

Statement" in the Federal Defendants' Answer, filed September 21, 2015 (Doc. 8)("Answer"),

pursuant to rule 12(f) of the Federal Rules of Civil Procedure; and (ii) whether the Court should

strike certain paragraphs from the Answer for failure to comport with rule 8's requirements.  The

Court concludes that the Prefatory Statement was a proper response to Plaintiff Northern New

Mexicans Protecting Land Water and Rights' ("Northern New Mexicans") assertion of two

claims under the Administrative Procedure Act, 5 U.S.C. §§ 701-706 ("APA"), which do not

require an answer pursuant to the Federal Rules of Civil Procedure under the United States Court

of Appeals for the Tenth Circuit's case law.  The Court will also not strike certain paragraphs

from the Answer because they comply with rule 8's requirements.  Accordingly, the Court denies the Motion.

## FACTUAL BACKGROUND

Northern New Mexicans is a "nonprofit corporation whose members are property owners in New Mexico that are served by the rights of way know[n] as County Roads 84, 84A, 84B, 84C, 84D, and Sandy Way."   Complaint for Judicial Review Under the Administrative Procedures Act, 5 U.S.C. § 706; for Declaratory and Injunctive Relief Pursuant to 28 U.S.C. § 2201; and for a Violation of Equal Protection Under the Law ¶ 1, at 2, filed June 30, 2015 (Doc. 1)("Complaint").  The properties that Northern New Mexicans' members own "are served and accessed by long-standing and vested rights-of-way easements."  Complaint ¶ 13, at 4.  These easements -- County Roads 84, 84A, 84B, 84C, 84D, and Sandy Way -- have "been regarded as public rights-of-way owned by the State of [New] Mexico and administered as either a State highway or as a County Road."  Complaint ¶ 17, at 4.  "Neither the State, nor the County, have taken action to vacate or abandon their claims to these public rights of way."  Complaint ¶ 18, at 4.

Northern New Mexicans asserts that the Bureau of Indian Affairs ("BIA") "has acted arbitrarily and capriciously" by "seeking to extinguish these public property rights/easements that cross tribal land, and which provide the sole means of access to Plaintiff's fee simple real property."  Complaint ¶ 19, at 4.  Northern New Mexicans argues that the BIA's action has impaired its members' ability to use the public easements to access their property.  See Complaint ¶ 20, at 5.  Accordingly, Northern New Mexicans asserts four causes of action against the four Defendants: (i) the United States of America; (ii) Sally Jewell, Secretary of the United States Department of Interior; (iii) Kevin Washburn, Assistant Secretary for the BIA; (iv)

William Walker, Regional Director for the BIA's Southwest Office; and (iv) Raymond Fry, Superintendent for the Northern Pueblo Agency.

First, Northern New Mexicans alleges that the Defendants acted arbitrarily and capriciously by issuing a decision in derogation of its members' public right-of-way easement. See Complaint ¶ 26, at 5. It argues that the Defendants issued a memorandum stating that its members were trespassing by using their rights-of-way. See Complaint ¶ 32, at 6. Northern New Mexicans contends that the Defendants' memorandum, and "ongoing refusal to recognize and grant Plaintiff's members access to its private property by way of Plaintiff's vested easement violates the Act of 1866, and Plaintiff's members vested property rights." Complaint ¶ 32, at 6. Northern New Mexicans argues that the Defendants' actions are arbitrary, capricious, and an abuse of discretion under the APA. See Complaint ¶ 33, at 6.

Second, Northern New Mexicans brings a quiet title action. It contends that its members have "a vested right of ingress and egress to their private property over the rights-of-way for which the County of Santa Fe holds title." Complaint ¶ 39, at 7. Because Northern New Mexicans argues that the Defendants' interference with its members' property rights have clouded title to their property, it asks the Court to quiet title "by declaring the existence and validity of such rights-of-way." Complaint ¶ 44, at 8.

Third, Northern New Mexicans alleges that, if the law allows the Defendants to deprive its members of the right of access to their real property and cloud title, "such action constitutes a taking of Plaintiff's property for which compensation is due within the meaning of the Fifth Amendment" to the Constitution of the United States of America. Complaint ¶ 48, at 8. Finally, Northern New Mexicans argues that the Treaty of Guadalupe Hidalgo, see Treaty of Guadalupe Hidalgo art. 8, July 4, 1848, 9 Stat. 929, afforded former Mexican citizens occupying the land on

which Northern New Mexicans' members now reside "the full protection of United States citizens and equal protection under the laws of the United States."  Complaint ¶ 57, at 10.  It contends that the Defendants' actions in preventing its members from accessing their property violate its members' rights to equal protection under the law.  See Complaint ¶ 60, at 10.

Northern New Mexicans seeks a declaratory judgment stating: (i) that the Defendants' interference with its access rights is "arbitrary, capricious, an abuse of discretion and/or otherwise unlawful," Complaint ¶ 1, at 10-11; (ii) that the "public holds the previously described rights-of-way as a vested property right"; Complaint ¶ 2, at 11; (iii) that the Defendants' attempt to deny Northern New Mexicans' members access to their property violates the Due Process Clause of the Fifth Amendment to the Constitution of the United States, see Complaint ¶ 4, at 11; and (iv) that the Defendants' actions violate "the rights preserved to Plaintiff's members by the Treaty of Guadalupe Hidalgo," Complaint ¶ 5, at 11.  Northern New Mexicans also asks the Court to enjoin the Defendants from interfering with the public's vested rights.  See Complaint ¶ 3, at 11.

## PROCEDURAL BACKGROUND

Northern New Mexicans filed its Complaint and the Defendants filed an Answer.  In their Answer, the Defendants include a Prefatory Statement that indicates that the APA and the Federal Rules of Appellate Procedure -- not normal rules of procedure -- apply to two of Northern New Mexicans' causes of action.  They also stated that they lacked information to admit or deny many of the Complaint's allegations.  For these reasons, Northern New Mexicans seeks to strike the Defendants' Prefatory Statement, along with those responses that state that the Defendants lack sufficient information to respond more definitively.

1.      **The Complaint and Answer**.

Northern New Mexicans filed its Complaint on June 30, 2015.  <u>See</u> Complaint at 1.  The

Defendants answered on September 21, 2015.  <u>See</u> Answer at 1.  In the Answer, the Defendants

included a Prefatory Statement, which states:

> Plaintiff's "First Cause of Action" and "Fourth Cause of Action" are cognizable, if at all, pursuant to the judicial review provisions of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706.  In *Olenhouse v. Commodity Credit Corporation*, 42 F.3d 1560 (10th Cir. 1994), the Tenth Circuit held that challenges to federal agency actions under the APA are not subject to the use of normal civil trial procedures:

>> A district court is not exclusively a trial court.  In addition to its *nisi prius* functions, it must sometimes act as an appellate court.  Reviews of agency action in the district court must be processed *as appeals*.  In such circumstances the district court should govern itself by referring to the Federal Rules of Appellate Procedure.

> 42 F.3d at 1580 (emphasis in original).  This Court accordingly has recognized that "[p]ursuant to [*Olenhouse*], claims under the APA are treated as appeals and governed by reference to the Federal Rules of Appellate Procedure."  *WildEarth Guardians v. U.S. Forest Serv.*, 668 F. Supp. 2d 1314, 1323 (D.N.M. 2009).

>         In *Olenhouse*, the Tenth Circuit stated that part of "the illicit procedure [the district court] employed to determine the issues for review" was that the district court had "processed the [plaintiffs'] appeal as a separate and independent action, initiated by a complaint and subjected to discovery and a 'pretrial' motions practice."  42 F.3d at 1579 (emphasis added).  The law in the Tenth Circuit, as set forth explicitly in *Olenhouse*, is thus clear that a "Complaint" is an improper vehicle for initiating claims challenging a federal agency action under the APA in federal district court.  Therefore, Plaintiffs' "Complaint," at least with respect to Plaintiff's "First Cause of Action" and "Fourth Cause of Action," should be treated as a "Petition for Review of Agency Action," and to which no "Answer" is required under the Federal Rules of Civil Procedure, which are inapplicable.  Nonetheless, because Plaintiff's APA and non-APA claims are intermingled in Plaintiff's Complaint, Federal Defendants provide this Answer to the entirety of Plaintiff's Complaint as a matter of judicial efficiency, without waiving any rights or objections Federal Defendants may have for the proper procedure for judicial review of Plaintiff's APA claims.

Answer at 1-2.

To many of the Complaint's allegations, the Defendants responded: "The allegations constitute legal conclusions and are vague, and Federal Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations, and on this basis deny the allegations."  See, e.g., Answer ¶ 13, at 5.  The Defendants also stated that they lacked sufficient information to form a belief about whether the jurisdiction and venue were proper.  See Answer ¶¶ 6-11, at 4.

### 2.       The Motion, the Response, and the Reply.

Northern New Mexicans' Motion seeks to strike various portions of the Defendants' Answer, including the Prefatory Statement, and require the Defendants to provide further responses, because, according to Northern New Mexicans, the Defendants' answers to certain paragraphs "fail to properly provide a response."  Motion at 3.  First, Northern New Mexicans argues that the Defendants' numbered paragraphs fail to properly answer, according to rule 8, the Complaint's averments.  See Motion at 3.  Rule 8 requires a defendant to "admit or deny the allegations asserted against it," Fed. R. Civ. P. 8(b)(1)(B); to "admit the part that is true and deny the rest," Fed. R. Civ. P. 8(b)(4); or to state that the defendant "lacks knowledge or information sufficient to form a belief about the truth of an allegation," Fed. R. Civ. P. 8(b)(5).  Northern New Mexicans contends that the Defendants' responses do not comply with rule 8's requirements largely because they are not specific enough.  See Motion at 6.

Second, Northern New Mexicans argues that the Defendants' prefatory statement "is not proper" because rules 8 and 12 of the Federal Rules of Civil Procedure restrict legal argument in responsive pleadings.  Motion at 7.  It asserts that the Prefatory Statement is a legal challenge. See Motion at 7.

The Defendants responded on October 13, 2015.  <u>See</u> Federal Defendants' Response to Plaintiff's September 23, 2015 "Motion to Strike Prefatory Statement," filed October 13, 2015 (Doc. 12)("Response").  The Defendants contend that they "answered each and every allegation with (1) an admission; (2) a denial; or (3) a disclaimer statement in compliance with Rule 8(b)'s provision for lack of knowledge or information, which is deemed a denial."  Response at 2.  The Defendants state that, in addition to responding to every allegation, they also include a general denial to "ensure that any possible allegation that was inadvertently missed would receive a response."  Response at 2.  In short, the Defendants assert that Northern New Mexicans' Motion "is without merit" and request that the Court deny it.  Response at 3.  Additionally, the Defendants argue that they alleged a lack of sufficient information only when the Complaint lacked the specific factual allegations necessary for them to respond with more definite answers. <u>See</u> Response at 9.

Northern New Mexicans replied on October 30, 2015.  <u>See</u> Plaintiff's Reply in Support of its Motion to Strike Prefatory Statement, filed October 30, 2015 ("Reply").  Northern New Mexicans spends much of its Reply arguing that its Complaint was drafted specifically enough to allow the Defendants to respond.  <u>See</u> Reply at 3-5.  It maintains that, "when affirmative defenses are perfunctorily or inadequately pled, such defenses are also subject to being struck." Reply at 4.  Northern New Mexicans contends that, because the Defendants' answers were "inadequate," "frivolous," and "formula-like," the Court should direct them to cure their alleged pleading defects.  Reply at 4, 5, 7.

With respect to the Prefatory Statement, Northern New Mexicans asserts that, because it brings non-APA claims alongside its APA claims, "some of the Rules of Civil Procedure do and will apply to this proceeding, despite it including APA claims.  Likewise, Rule 26 applies."

Reply at 8.  Northern New Mexicans stresses that the Answer is an improper place to raise procedural issues.  See Reply at 8-9.  Instead, Northern New Mexicans asserts, the Defendants should raise procedural issues at the scheduling conference.  See Reply at 9.

### 3.  The Hearing.

Addressing the Prefatory Statement, Northern New Mexicans alleged one inadequacy.  It argued that the Prefatory Statement is a "legal argument in the guise of a prefatory statement," which is "not appropriate in a responsive pleading."  Transcript of Hearing at 7:16-18 (taken November 4, 2015)("Tr.")(Richards).[1]  Instead, Northern New Mexicans asserted that the Defendants should have made this legal argument in a separate motion.  See Tr. at 7:18-24 (Richards).  Because the case involves both APA and non-APA claims, however, the Defendants stated that they responded to the APA claims by using the Prefatory Statement, and then responded to the entire complaint under the Federal Rules of Civil Procedure "to make things easier."  Tr. at 33:9-25 (Smith).  In other words, the Defendants "provided a hybrid Answer" in response to the admittedly "hybrid Complaint."  Tr. at 34:3-7 (Smith).  The Defendants asserted that the Prefatory Statement was the typical response in an APA case.  See Tr. at 44:22-45:10 (Smith).

The Court agreed with the Defendants that, in pure APA cases, the Defendants need not file an answer pursuant to the Federal Rules of Civil Procedure.  See Tr. at 58:11-15 (Court). Instead, it said, they may respond as the Defendants have done here.  See Tr. at 58:11-15 (Court). Because this case involves both APA and non-APA claims, the Court agreed that "the way Government is proceeding in this [instance] is probably proper in these cases."  Tr. at 58:15-21 (Court).  In sum, the Court stated that, mixing an APA-style answer with a traditional answer

---

[1]The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

pursuant to the Federal Rules of Civil Procedure is an efficient procedure that the Tenth Circuit does not appear to prohibit.  Tr. at 58:15-21 (Court).

Turning to the Defendants' other responses in the Answer, Northern New Mexicans alleged that their responses were vague, perfunctory, and contrary to the Federal Rules of Civil Procedures' requirements.  See Tr. at 9:15-24 (Richards).  The Court noted that the Federal Rules of Civil Procedure require defendants to admit, deny, or state that they have insufficient information to respond.  See Tr. at 10:1-8 (Court).  If the Defendants complied with these pleading requirements, the Court stated that it could not force the Defendants to take any further action.  See Tr. at 10:1-8 (Court).  Moreover, the Defendants argued that they could not provide more admissions or specific answers in some instances because the Complaint was too vague. See Tr. at 30:9-13 (Smith).  For example, the Defendants asserted that the Complaint does not identify a single property that the rights-of-way service, so the Defendants could not know which property Northern New Mexicans or its members allegedly own, and could not "formulate definitive responses other than lack of information."  Tr. at 30:13-31:5 (Smith).

Despite Northern New Mexicans' contention that the Court should strike the Prefatory Statement's contention that the APA governs this case, Northern New Mexicans argued that, in APA cases like this one, the Defendants have more information with which to respond.  See Tr. at 10:15-17 (Richards).  Northern New Mexicans suggested that, when the Defendants have this additional information from the administrative record, the Court should require them to respond more specifically.  See Tr. at 10:17-22 (Richards); id. at 11:5-9 (Richards)("I think in particular [in an] APA case that the Government is in a position more strongly than in other situations to actually admit or deny certain allegations.").   The Defendants responded that the administrative record is not compiled at the time they draft their Answer.  See Tr. at 29:14-20 (Court, Smith).

Rather, the Defendants draft their Answer by conferring with agency officials and reviewing documents that are available.  See Tr. at 29:24-30:6 (Court, Smith).

Nevertheless, Northern New Mexicans argued that, from a policy standpoint, the Court should require defendants to respond more specifically so that the Federal Rules of Civil Procedure do not allow meaningless answers.  See Tr. at 10:9-16 (Richards).  Northern New Mexicans asserted that numerous environmental groups file claims against the United States each year, and the United States does not provide adequate answers.  See Tr. at 18:3-10 (Richards).  For this case and future APA cases, Northern New Mexicans suggested that the Court require defendants "to take a hard look at the administrative record as it exists at the time the decision was made" before admitting or denying.  Tr. at 21:3-9 (Richards).

The Court noted that such a requirement would treat private companies differently than the United States.  See Tr. at 21:12-15 (Court).  The Court asked Northern New Mexicans for any cases suggesting that the United States must comply with different, more rigorous, pleading standards than other defendants, but Northern New Mexicans could not provide any.  See Tr. at 21:19-22:4 (Court, Richards).  In addition to these fairness concerns, the Court also raised the practical difficulties inherent in the standard Northern New Mexicans requests.  It noted that a judge cannot easily discern, at the pleading stage, which answers the United States must answer more specifically.  See Tr. at 43:5-10 (Court).  Requiring the Defendants to answer more specifically, the Court said, could also force the Court to delve into the merits.  See Tr. at 56:11-15 (Court).  The Defendants agreed that the Court was not in a position to gauge when the Defendants truly lack enough information to respond.  See Tr. at 37:5-7 (Smith).  Finally, the

Court stated that its previous opinions indicated that it would not "apply the <u>Twombly</u> and <u>Iqbal</u>[2] standards to the defendant's requirements to plea[d] affirmative defenses."  Tr. at 55:5-10 (Court).

## LAW REGARDING MOTIONS TO STRIKE

Rule 12(f) of the Federal Rules of Civil Procedures provides:

(f)   **Motion to Strike.**  The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:

   (1)   on its own; or

   (2)   on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f).  Along with numerous courts and scholars, Professors Charles Wright and Arthur Miller have recognized, however, that such motions are not favored and, generally, should be denied:

The district court possesses considerable discretion in disposing of a Rule 12(f) motion to strike redundant, impertinent, immaterial, or scandalous matter. However, because federal judges have made it clear, in numerous opinions they have rendered in many substantive contexts, that Rule 12(f) motions to strike on any of these grounds are not favored, often being considered purely cosmetic or "time wasters," there appears to be general judicial agreement, as reflected in the extensive case law on the subject, that they should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy . . . .

5C C. WRIGHT & A. MILLER, FEDERAL PRACTICE & PROCEDURE § 1382, at 433-36 (3d. ed. 2004)(footnotes omitted).  <u>Accord</u> <u>Burget v. Capital W. Sec., Inc.</u>, No. CIV-09-1015-M, 2009

---

[2]<u>Twombly</u> and <u>Iqbal</u> refer to the Supreme Court of the United States' decisions in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), and <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009), in which the Supreme Court established a heightened pleading standard for complaints under the Federal Rules of Civil Procedure.

WL 4807619, at *1 (W.D. Okla. December 8, 2009)(Miles-LaGrange, C.J.)(citing Scherer v. U.S. Dep't of Educ., 78 F. App'x 687, 689 (10th Cir. 2003)(unpublished))[3]("While motions to strike are generally disfavored, the decision to grant a motion to strike is within the discretion of the court.").

"Allegations will not be stricken as immaterial under this rule unless they have no possible bearing on the controversy." Estate of Gonzales v. AAA Life Ins. Co., No. CIV 11-0486 JB/WDS, 2012 WL 1684599, at *5 (D.N.M. May 8, 2012)(Browning, J.)(quoting Sai Broken Arrow C, LLC v. Guardian Emergency Vehicles, Inc., No. 09-CV-0455-CVE-FHM, 2010 WL 132414, at *5 (N.D. Okla. January 8, 2010)). "The Court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defenses succeed." Friends of Santa Fe Cnty. v. LAC Minerals, Inc., 892 F. Supp. 1333, 1343 (D.N.M. 1995)(Hansen, J.)(quoting Carter-Wallace, Inc. v. Riverton Lab., Inc., 47 F.R.D. 366, 368 (S.D.N.Y. 1969))(internal quotation marks omitted). Professors Wright and Miller have also commented on what constitutes "immaterial" matter in the context of a motion to strike. "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded, or a statement of unnecessary

---

[3]Scherer v. U.S. Dep't of Educ. is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished opinions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and . . . citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that Scherer v. U.S. Dep't of Educ. has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

particulars in connection with and descriptive of that which is material." 5C WRIGHT & MILLER, supra, § 1382, at 458-60 (footnotes omitted).

Moreover, "[o]nly material included in a 'pleading' may be the subject of a motion to strike, and courts have been unwilling to construe the term broadly.  Motions, briefs, . . . memoranda, objections, or affidavits may not be attacked by the motion to strike." Dubrovin v. Ball Corp. Consol. Welfare Ben. Plan for Emps., No. 08-CV-00563-WYD-KMT, 2009 WL 5210498, at *1 (D. Colo. Dec. 23, 2009).  Accord Ysais v. N.M. Judicial Standard Comm'n, 616 F. Supp. 2d 1176, 1184 (D.N.M. 2009)(Browning,  J.)(citing Searcy v. Soc. Sec. Admin., 956 F.2d 278, 1992 WL 43490, at *1, *4 (10th Cir. 1998)(unpublished table decision))("Generally . . . motions, briefs, and memoranda may not be attacked by a motion to strike.").  "The Federal Rules of Civil Procedure define 'pleadings' as a complaint or third-party complaint; an answer to a complaint, a third-party complaint, a counterclaim, or a crossclaim; and, 'if the court orders one, a reply to an answer.'"  Ysais v. N.M. Judicial Standard Comm'n, 616 F. Supp. 2d at 1184 (quoting Fed. R. Civ. P. 7(a)).

In Lane v. Page, 272 F.R.D. 581 (D.N.M. 2011)(Browning, J.), the plaintiff filed a motion to strike parts of the defendants' answer because it was "devoid of factual allegations and assert[ed] improper defenses."  272 F.R.D. at 588.  Specifically, the plaintiff argued that the defendants' affirmative defenses should "put the plaintiff on notice of how the defense applies." 272 F.R.D. at 588.  The plaintiff therefore asked the Court not only to strike some of the defendants' answers, but also to "require the Defendants to amend their answers."  272 F.R.D. at 588.  The defendants argued that rule 8 does "not require them to provide factual support for their  affirmative  defenses"  and  contended  that  their  answers  adequately  responded  to  the plaintiff's complaint.  272 F.R.D. at 588.  The Court "decline[d] to extend the heightened

pleading standard the Supreme Court established in Bell Atlantic v. Twombly and Ashcroft v. Iqbal to affirmative defenses pled in answers, because the text of the rules, and the functional demands of claims and defenses, militate against requiring factual specificity in affirmative defenses."  272 F.R.D. at 588.  Despite the Court's decision, it nevertheless found that the defendants' answers were deficient under rule 8 when they did not: (i) admit or deny the allegations; (ii) state that they lacked sufficient information to admit or deny; or (iii) provide a general denial.  See 272 F.R.D. at 588.  The Court therefore ordered the defendants who failed to provide a general denial to amend their answers.  See 272 F.R.D. at 588.

## LAW REGARDING CASES ARISING FROM AGENCY ACTION

Pursuant to Olenhouse v. Commodity Credit Corp., "[r]eviews of agency action in the district courts [under the APA] must be processed as appeals. In such circumstances the district court should govern itself by referring to the Federal Rules of Appellate Procedure."  42 F.3d 1560, 1580 (10th Cir. 1994).  See Wyoming v. U.S. Dep't of Interior, 587 F.3d 1245, 1251 n.2 (10th Cir. 2009)(quoting Olenhouse v. Commodity Credit Corp., 42 F.3d at 1580).  District courts may not entertain motions for summary judgment or any other procedural devices that shift the appellant's substantial burden -- arbitrary-or-capricious review for questions of fact, and Chevron[4] deference for questions of statutory interpretation -- onto the agency.  See Olenhouse

---

[4]Chevron deference refers to the deference that the Supreme Court requires courts to give to agency decisions under certain circumstances.  See Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984).  Chevron deference involves a two-step process, first asking whether the statutory provision in question is clear and then, if it is not, asking whether the agency's interpretation of the unclear statute is a reasonable one.  As the Tenth Circuit explained,

we must be guided by the directives regarding judicial review of administrative agency interpretations of their organic statutes laid down by the Supreme Court in Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984).  Those directives require that we first determine whether Congress has

v. Commodity Credit Corp., 42 F.3d at 1579-80.  The Tenth Circuit has admonished district

courts not to treat suits arising out of agency actions as "separate and independent actions,"

stating:

> The use of motions for summary judgment or so-called motions to affirm permits the issues on appeal to be defined by the appellee and invites (even requires) the reviewing court to rely on evidence outside the administrative record.  Each of these impermissible devices works to the disadvantage of the appellant.  We have expressly disapproved of the use of this procedure in administrative appeals in the past, and explicitly prohibit it now.
>
> A district court is not exclusively a trial court.  In addition to its nisi prius functions, it must sometimes act as an appellate court.  Reviews of agency action in the district courts must be processed as appeals.  In such circumstances the district court should govern itself by referring to the Federal Rules of Appellate Procedure.  Motions to affirm and motions for summary judgment are conceptually incompatible with the very nature and purpose of an appeal.

Olenhouse v. Commodity Credit Corp., 42 F.3d at 1579-80 (footnotes omitted).

Although "[r]eview of agency actions generally come[] to the Court in the form of an

appeal, and not a 'separate and independent action, initiated by a complaint and subjected to

discovery and a 'pretrial' motions practice,'" the Court has previously stated that Olenhouse v.

Commodity Credit Corp. does not require any one particular form of action.  Jarita Mesa

Livestock Grazing Ass'n v. United States Forest Serv., 305 F.R.D. 256, 272 (D.N.M.

2015)(Browning, J.)(quoting Olenhouse v. Commodity Credit Corp., 42 F.3d at 1579).  Section

703 of the APA provides: "The form of proceeding for judicial review is . . . any applicable form

of legal action, including actions for declaratory judgments or writs of prohibitory or mandatory

---

directly spoken to the precise question at issue.  If the congressional intent is clear, we must give effect to that intent.  If the statute is silent or ambiguous on that specific issue, we must determine whether the agency's answer is based on a permissible construction of the statute.

United States v. Undetermined Quantities of Bottles of an Article of a Veterinary Drug, 22 F.3d 235, 238 (10th Cir. 1994)(citation omitted).

injunction or habeas corpus."  5 U.S.C. § 703.  In <u>Olenhouse v. Commodity Credit Corp.</u>, the Tenth Circuit directed district courts to govern themselves by using the Federal Rules of Appellate Procedure, but it did not prohibit district courts from applying these rules in the course of the motions that a district court normally considers.  See <u>Olenhouse v. Commodity Credit Corp.</u>, 42 F.3d at 1579.  Moreover, the Federal Rules of Civil Procedure, which govern district courts as a matter of Supreme Court and congressional mandate, <u>see</u> Fed. R. Civ. P. 1, 12, provide that "[t]here is one form of action -- the civil action," Fed. R. Civ. P. 2.  Looking at the purposes underlying <u>Olenhouse v. Commodity Credit Corp.</u>, the Court concludes that "there is no harm in taking the case in the form that the parties -- namely the Plaintiffs -- have presented it, so long as the procedural devices the Court uses respect the congressionally determined scheme of judicial review."  <u>Jarita Mesa Livestock Grazing Ass'n v. United States Forest Serv.</u>, 305 F.R.D. at 272.

As the Court has stated before, procedural devices such as rule 56 summary judgment are incompatible with the Tenth Circuit's directives, and the Court thus cannot use them.  As a group, the devices appellate courts normally use are generally more consistent with the APA's judicial review scheme than the devices that trial courts generally use, which presume nothing about the case's merits and divide burdens of proof and production almost equally between the plaintiff and defendant.  See <u>Jarita Mesa Livestock Grazing Ass'n v. U.S. Forest Serv.</u>, 58 F. Supp. 3d 1191, 1239 (D.N.M. 2014).  "The Court can see no reason, however, why the Plaintiffs cannot use the familiar procedural devices of the Federal Rules of Civil Procedure if they wish, at least to the extent that they comport with or can be modified to comport with the APA."  <u>Jarita Mesa Livestock Grazing Ass'n v. U.S. Forest Serv.</u>, 58 F. Supp. 3d at 1239.

**ANALYSIS**

The Court will deny the Motion for two reasons.  First, the Prefatory Statement was a proper response to Northern New Mexicans' assertion of two APA claims, which do not require an answer pursuant to the Federal Rules of Civil Procedure under Tenth Circuit case law. Second, the Defendants' Answer complies with rule 8's requirements to admit, deny, or state a lack of information.  Moreover, the Defendants did not state that they lacked information to respond when they possessed the information necessary to do so.  For these reasons, the Court denies the Motion.

**I.     THE COURT WILL DENY THE MOTION AS IT RELATES TO THE PREFATORY STATEMENT.**

Northern New Mexicans asserts that the Defendants use the Prefatory Statement to impermissibly make legal arguments in their Answer.  See Motion at 7.  The Prefatory Statement, however, precedes the Defendants' Answer to the Complaint, which begins on page three.  See Answer at 3.  As the Court stated at the hearing, the Defendants' Prefatory Statement serves as a response to the APA claims, whereas the Answer responds to the Complaint's non-APA claims.  Because claims cognizable pursuant to the APA's judicial review provisions "must be processed *as appeals*" that "the Federal Rules of Appellate Procedure" govern, see Olenhouse, 42 F.3d at 1579-80 (emphasis in original), rule 8 does not govern the Defendants' response to the Complaint's two APA claims.  For this reason, the Defendants' use of the Prefatory Statement to respond to the APA claims was a permissible response to the Complaint's APA claims.  See WildEarth Guardians v. U.S. Forest Serv., 668 F. Supp. 2d 1314, 1323 (D.N.M. 2009)(Browning, J.)("[C]laims under the APA are treated as appeals and governed by reference to the Federal Rules of Appellate Procedure."); id. at 1323 ("Although WildEarth Guardians captioned its initial filing as a 'Complaint' rather than a 'Petition for Review of

Agency Action,' the parties subsequently agreed to proceed under <u>Olenhouse</u> in briefing the merits."). The Court therefore denies this portion of the Motion.

It is true that the United States could, in APA cases, not respond at all to a complaint or a petition for review of agency action. When there is a mixed complaint, like here, the United States could also not respond to the portions that contain APA claims. Despite their fear of waiver or default, lawyers are not free to ignore anything filed in federal court that looks like a complaint. The United States' off-the-shelf Prefatory Statement is relatively short, informative, and accurate. There is no sound reason to strike it. Moreover, even if rule 8 applies to it -- and the Court concludes that it does not -- the Court would not find that there is a sound basis to say it is redundant, impertinent, or scandalous matter. And because it is a relevant statement of law, the Court cannot soundly state that the Prefatory Statement is immaterial.

## II.    THE COURT WILL DENY THE MOTION AS IT RELATES TO THE DEFENDANTS' ANSWER BECAUSE THE ANSWER COMPLIES WITH THE FEDERAL RULES OF CIVIL PROCEDURES' REQUIREMENTS.

Rule 8 requires a defendant to "admit or deny the allegations asserted against it," Fed. R. Civ. P. 8(b)(1)(B), to "admit the part that is true and deny the rest," Fed. R. Civ. P. 8(b)(4), or to state that the defendant "lacks knowledge or information sufficient to form a belief about the truth of an allegation," Fed. R. Civ. P. 8(b)(5). Even though the Defendants' answers are not as specific as Northern New Mexicans would like, they comply with Rule 8's requirements.

Northern New Mexicans asserts that the Defendants "fail[] to properly answer 41 averments on the bases that such averments are 'legal conclusions.'" Motion at 5. For example, the Defendants state: "The allegations constitute legal conclusions and are vague, and Federal Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations, and on this basis deny the allegations." Answer ¶¶ 13-23, at 5-6. Responses that

a complaint's allegations constitute legal conclusions do not comply with rule 8(b)'s requirements.  See Lane v. Page, 273 F.R.D. at 602-03 ("Responses that documents speak for themselves and that allegations are legal conclusions do not comply with rule 8(b)'s requirements.").

Although the Defendants state that Northern New Mexicans' Complaint makes a legal conclusion, they nevertheless respond pursuant to rule 8.  See State Farm Mut. Auto Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001)(concluding that the defendant's responses were improper when the answer declined to respond to an allegation because it stated a legal conclusion).  The Defendants state that they lack knowledge or information sufficient to admit the allegations, so they expressly deny them on that basis.  In Lane v. Page, the Court stated that a defendant must address legal conclusions in a plaintiff's complaint "in one of the three ways contemplated by Rule 8."  272 F.R.D. at 602.  By stating that the Defendants do not have enough information to respond and expressly denying the allegation on that basis, the Defendants' responses comport with rule 8.

Although Northern New Mexicans does not identify an instance in which the Defendants did not admit, deny, or state that they lacked information sufficient to form a belief about the truth of the allegation, it contends that the Defendants' responses are insufficient because they are vague.  As the Court stated in Lane v. Page, however, a defendant's response need not comply with the heightened pleading standards applicable to complaints.  See Lane v. Page, 272 F.R.D. at 588.

> The forms appended to the rules bolster the Court's analysis that rule 8(b) does not require defendants to provide factual allegations supporting defenses. Form 30 provides an example of an "Answer Presenting Defenses Under Rule 12(b)."  Fed. R. Civ. P. Form 30.  The section titled "Failure to State a Claim states, in its entirety: "4.  The complaint fails to state a claim upon which relief can be granted."  Fed. R. Civ. P. Form 30.  Failure to state a claim is a defense

under rule 12 and therefore falls under rule 8(b)'s requirements.  Form 30 provides no factual allegations in support of the defense, and form 30 is sufficient under the rules.  See Fed. R. Civ. P. 84 ("The forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate."); 12 C. Wright, A. Miller & R. Marcus, Federal Practice & Procedure, § 3162 (2d ed. 2010)("[I]t is clear that a pleading . . . that follows one of the Official Forms cannot be successfully attacked.")(collecting cases).

Lane v. Page, 272 F.R.D. at 594.  Moreover, the Defendants' responses are not so lacking that the Court should require the Defendants to amend their answer, as it did in Lane v. Page.  See 272 F.R.D. at 601-02 (requiring the defendants to provide more information in their amended answer when they failed to admit, deny, or state that they lacked sufficient information to respond).

There, the Court required the defendants to provide more responsive answers because the defendants wholly "declined to respond to some of [the plaintiff's] allegations."  272 F.R.D. at 601.  Although some of the Defendants made a general denial, the plaintiff argued that the "boilerplate" general denial was too vague to meet rule 8's requirements.  272 F.R.D. at 602.  The Court concluded that the general denial, albeit vague and boilerplate, complied with rule 8.  See 272 F.R.D. at 602.  The Court required more responsive answers solely from the defendants who not only declined to respond to the Complaint's allegations, but also failed to include a general denial.  See 272 F.R.D. at 602.  Here, unlike in Lane v. Page, the Defendants specifically admit, deny, or state that they lack sufficient information to respond.

Moreover, the Court held in Lane v. Page that, even if the Defendants' specific responses were insufficient, a defendant's "boilerplate" general denial is sufficient to deny all of the allegations.  272 F.R.D. at 602 ("One way a defendant may comply with these requirements [of rule 8(b)] is through a general denial.").  Here, not only do the Defendants specifically respond to each allegation, but they also include a general denial in accordance with rule 8(b)(3).  See

Answer at 12 ("Federal Defendants deny any and all allegations of Plaintiff's Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.").

Northern New Mexicans also argues that, if the Defendants have information that would enable them to respond more clearly, they must use this information to formulate a response. See Motion at 5. The Defendants assert, however, that they do not have information that would enable them to respond to Northern New Mexicans' allegations. See Response at 8 ("[N]o amount of 'inquiry,' let alone a 'cursory inquiry,' would have provided Federal Defendants with information sufficient to respond to the majority of Plaintiff's allegations."). The Defendants state that Northern New Mexicans' Complaint "is devoid of any allegation concerning what real property Plaintiff alleges it actually owns, whom Plaintiff alleges its members are, or what real property Plaintiff alleges those members actually own." Response at 9. The Complaint describes the rights-of-way as "County Roads 84, 84A, 84B, 84C, 84D, and Sandy Way." Complaint ¶ 40, at 7. It provides no information about which property it or its members own. Rather, the Complaint describes the properties as its members' "private property." Complaint ¶ 39, at 7. In turn, the Defendants assert, Northern New Mexicans "does not allege precisely which stretches of the County Roads are allegedly necessary for access to each (unidentified) property or even which of the County Roads each property would need for ingress and egress." Response at 9.

This failure to identify necessary factual information constitutes a pleading deficiency under the United States Code's requirements for bringing quiet title actions against the United States. See 28 U.S.C. § 2409a(d)("The complaint shall set forth with particularity the nature of the right, title, or interest which the plaintiff claims in the real property, the circumstances under which it was acquired, and the right, title, or interest claimed by the United States.")(emphasis

added).  The Quiet Title Act requires plaintiffs to plead with particularity to enable the defendant

to provide a proper response.  Without such information, defendants are often unable to provide

the kind of meaningful response that Northern New Mexicans seeks.  Because the Defendants

did not have the basic factual information necessary to respond to Northern New Mexicans'

allegations, they comply with rule 8 by alleging that they lack information to form a belief about

the allegations' truth or falsity.   The Defendants are not required to conduct exhaustive

investigations and discovery into Northern New Mexicans' property interests, its members, or its

members' needs for ingress and egress in responding to the Complaint.   The lawyers'

investigation must merely meet rule 11's requirements.  See Fed. R. Civ. P. 11.

> By presenting to the court a pleading, written motion, or other paper . . . an
> attorney or unrepresented party certifies that to the best of the person's
> knowledge, information, and belief, formed after an inquiry reasonable under the
> circumstances . . . the denials of factual contentions are warranted on the evidence
> or, if specifically so identified, are reasonably based on belief or a lack of
> information.

Fed. R. Civ. P. 11(b)(4).

As long as the Defendants file their Answer after a reasonable inquiry and base their

denials on a reasonable belief of a lack of information, they have met their burden.  To the extent

the Defendants possessed information that would enable them to respond, they must do so

pursuant to rule 11.  Similarly, they must conduct a reasonable inquiry.  See Fed. R. Civ. P. 11.

Northern New Mexicans did not, however, file a motion under rule 11, nor did they comply with

rule 11's safe harbor requirements.  See Fed. R. Civ. P. 11.  The Court is reluctant to engraft a

requirement onto the United States in APA cases that is different or greater than all other

attorneys.

Northern New Mexicans specifically contests the Defendants' responses stating that they

lack information to admit that the Court has jurisdiction over this matter or that Northern New

Mexicans filed in the proper venue.  See Reply at 6.  The Complaint states: "This Court also has jurisdiction over this action pursuant to the Administrative Procedure Act, 5 U.S.C. § 701." Complaint ¶ 8, at 3.  The Defendants maintain, however, that they could not form definitive responses without knowing which properties are serviced by the rights-of-way.  See Tr. at 30:12-21 (Smith).  Without knowing which properties are involved, the Court concludes that the Defendants might not be able to determine whether the Court has jurisdiction or venue, or even whether certain laws apply to the property at issue.  Consequently, the Defendants did not violate rule 8 by stating that they lacked sufficient information to admit the truth or falsity of the Complaint's allegations, even about jurisdiction and venue.

Northern New Mexicans next contends that the Defendants should have the information necessary to respond because, in APA cases, they have the administrative record.  See Reply at 2-3.  As the Defendants stated at the hearing, however, they have not yet compiled the administrative record.  See Tr. at 29:14-20 (Court, Smith).  Rather, the Defendants drafted their Answer by conferring with agency officials and reviewing documents that were available.  See Tr. at 29:24-30:6 (Court, Smith).  Thus, the Court finds no evidence that the Defendants had the information necessary to respond specifically, but refused to use it.  Furthermore, in Olenhouse v. Commodity Credit Corp., the Tenth Circuit states that a district court's job in APA cases is not to determine which facts are disputed -- like it does in the Complaint and Answer procedure.  See 42 F.3d at 1579.  Rather, its job is to act as an appellate court, and to determine whether the agency considered the relevant information or made an arbitrary and capricious decision.  See Olenhouse v. Commodity Credit Corp., 42 F.3d at 1579.  Consequently, Northern New Mexicans' contention that defendants in APA cases must respond with more specificity in their

answers runs counter to the Tenth Circuit's direction in <u>Olenhouse v. Commodity Credit Corp.</u>, at least with respect to Northern New Mexicans' APA claims.

Finally, Northern New Mexicans asks the Court to create a new standard for cases involving APA claims filed against the government. <u>See</u> Tr. at 21:3-9 (Richards). Specifically, it contends that the United States consistently provides boilerplate and insufficient answers to complaints filed by plaintiffs seeking to protect environmental rights. <u>See</u> Tr. at 18:3-10 (Richards). It suggests that the Court impose a heightened pleading standard on the United States in responding to complaints involving APA claims because, according to Northern New Mexicans, such a standard would be more consistent with the Federal Rules of Civil Procedure's spirit and intent. <u>See</u> Tr. at 10:9-16 (Richards)(arguing that the Federal Rules of Civil Procedure seek to advance litigation by requiring defendants to provide meaningful answers). For this case and future APA cases, Northern New Mexicans suggests that the Court require defendants "to take a hard look at the administrative record as it exists at the time the decision was made" before admitting or denying. Tr. at 21:3-9 (Richards).

The Court declines to adopt such a standard for three main reasons. First, as stated in <u>Lane v. Page</u>, "[n]either the text of the rules nor the Supreme Court's decisions" require the Court to impose a heightened pleading standard upon defendants. 572 F.R.D. at 589. Second, imposing a more rigorous requirement on the United States would treat the United States differently than private companies. <u>See</u> Tr. at 21:12-15 (Court). Third, in addition to these fairness concerns, imposing a new pleading standard would raise practical difficulties. A judge cannot typically discern, at the pleading stage, which allegations the United States must answer more specifically. <u>See</u> Tr. at 43:5-10 (Court). As the Court noted at the hearing, requiring the Defendants to answer more specifically could also force the Court to consider the merits at a

very early stage, without any record to make decisions.  <u>See</u> Tr. at 56:11-15 (Court).  The Court is not always in a position to gauge when the Defendants truly lack enough information to respond.  <u>See</u> Tr. at 37:5-7 (Smith).  Accordingly, the Court will not impose a higher pleading standard upon the United States or other defendants in environmental cases involving APA claims.

In sum, neither the Defendants' Prefatory Statement nor its Answer meet the standard required to strike pleading material.  <u>See</u> <u>Estate of Gonzales v. AAA Life Ins. Co.</u>, 2012 WL 1684599, at *5 ("Allegations will not be stricken as immaterial under this rule unless they have no possible bearing on the controversy."); <u>Friends of Santa Fe Cnty. v. LAC Minerals, Inc.</u>, 892 F. Supp. 1333, 1343 (D.N.M. 1995)(Hansen, J.).  The material that the Defendants include in their Answer is not "immaterial."   5C WRIGHT & MILLER, <u>supra</u>, § 1382, at 458-60 ("'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded, or a statement of unnecessary particulars in connection with and descriptive of that which is material.").  Rather, it responds to Northern New Mexicans' non-APA allegations pursuant to rule 8, <u>see</u> Fed. R. Civ. P. 8, and it responds to NNMPLWR's APA claims pursuant to the procedure that the Tenth Circuit requires in <u>Olenhouse v. Commodity Credit Corp.</u>, <u>see</u> 42 F.3d at 1579.

The reality is that attorneys -- not the parties -- put answers together, often under tight deadlines.  Plaintiffs' lawyers often have years to investigate and prepare their case; defense lawyers have days.  The defense lawyer frequently does not know what will walk in the door next, and new cases invariably come at the worst times, when the defense lawyer is overburdened with other cases.  Documents have to be gathered, and employees and witnesses must be identified.  There is rarely, if ever, an administrative record about what they do not

know.   Defense lawyers are understandably cautious, especially about making admissions without complete confidence about the facts at hand.   To require defense lawyers to do more than what rule 11 requires would be unfair to the defense; the plaintiff can largely pick the time to file its complaint, but defendants never choose when the plaintiff initiates a case.   As a result, more is required of the plaintiff in pleadings than is required of the defendants.   See Lane v. Page, 272 F.R.D. at 600 (declining to require more specific pleadings from defendants when such requirements are not supported by rule 8); Charles Clark, The New Federal Rules of Civil Procedure: The Last Phase -- Underlying Philosophy Embodied in Some of the Basic Provisions of the New Procedure, 23 A.B.A. J. 976, 977 (1937)(asserting that the drafters of the Federal Rules of Civil Procedure argued that lawyers' energies were better spent on actual trial work, rather than "beautifying of the pleadings").

Northern New Mexicans appears to want to use the answer as a discovery tool.   See Tr. at 12:24-13:4 (Court, Richards).   But pleadings are poor discovery devices and were not designed to be discovery tools.   Other tools exist for that.   See Fed. R. Civ. P. 26 (providing the general provisions governing discovery).   Even initial discovery is delayed until the rule 16 scheduling conference.   See Fed. R. Civ. P. 26(a)(1)(C); Fed. R. Civ. P. 26(f)(1); Fed. R. Civ. P. 16.   The Court is reluctant to hasten the process without some benefit to the parties and to the Court.   If Northern New Mexicans truly wants to more narrowly define the issues because it believes that the Defendants did not conduct a reasonable investigation into information within its control, it can follow the procedures outlined in rule 11.   Finally, the Court has some concern about self-preservation.   Like most motions to strike, motions for more information would likely be time wasters, not advancing the case at all.   The Court therefore hesitates to encourage parties to file such motions.

**IT IS ORDERED** that the Plaintiff's Motion to Strike Prefatory Statement, filed September 23, 2015 (Doc. 10), is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

A. Blair Dunn
Dori E. Richards
Western Agriculture Resource and Business Advocates, LLP
Albuquerque, New Mexico

     *Attorneys for the Plaintiff*

Damon P. Martinez
  United States Attorney
Ruth Fuess Keegan
Karen Grohman
  Assistant United States Attorney
Albuquerque, New Mexico

-- and --

John C. Cruden
  Assistant Attorney General
Andrew A. Smith
United States Department of Justice
Environment and Natural Resources Division
Albuquerque, New Mexico

     *Attorneys for the Defendants*